OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Jimilee Singfield, appeals the decision of the Mahoning County Court of Common Pleas that found her in contempt of court and punished her for that contempt. Singfield raises a variety of issues on appeal, all of which are meritless. Singfield and her employer, Allstate Insurance Company, knew that the Mahoning County Court of Common Pleas had ordered her to be present at a mediation conference, but failed to attend the conference without first notifying the court of Singfield's inability to attend. The trial court was well within its rights to hold Singfield in contempt for putting the interests of her employer before her duties to follow the trial court's order. The trial court's decision is affirmed.
 Facts {¶ 2} On May 25, 2004, Anthony Scarnecchia filed a complaint against Regina Rebhan and Ohio Security Systems, Inc., claiming that he was injured due to their negligence. Ohio Security Systems is insured by Allstate and Singfield is the Allstate adjustor assigned to this claim. On January 24, 2005, the trial court ordered the parties to attend a mediation conference in September 2005 and specifically required the attendance of clients and insurance representatives.
 {¶ 3} On the assigned date, neither Singfield nor anyone else with settlement authority attended the conference on Allstate's behalf. At the time, Singfield was part of a catastrophe inquiry team for Allstate and was busy dealing with the aftermath of Hurricane Katrina. On September 26, 2005, the trial court issued a show cause order directed at Singfield for failing to attend the mediation conference and held a hearing on the matter on October 27, 2005. At the conclusion of that hearing, the trial court found Singfield guilty of contempt, fined her $500.00, imposed a two day jail term, and ordered that she pay attorney fees and lost wages to the other parties. Later that same day, the trial court reconsidered these sanctions and ordered that Singfield be released from jail.
 Contempt Powers {¶ 4} In her first assignment of error, Singfield argues:
 {¶ 5} "The trial court erred in holding non-party Appellant, Jimilee Singfield, in contempt of court and imposing a two (2) day jail sentence, a fine of five hundred dollars, and sanctions of attorneys fees and lost wages."
 {¶ 6} Within this assignment of error, Singfield raises three issues, which broadly relate to whether she was factually in contempt of court. First, she contends that she could not have been subject to the court's order since she was a non-party. Second, she contends that she could not have been in contempt since she was not personally served with a copy of the entry ordering mediation. Finally, she argues that Allstate actually complied with the order since Allstate's attorney attended the mediation conference. We will address each of these issues in turn.
 Personal Jurisdiction {¶ 7} In the first issue she argues to this court, Singfield contends that the trial court did not have jurisdiction over her since she was a non-party to the lawsuit, so the trial court could not have held her in contempt. This argument is meritless.
 {¶ 8} Contempt of court is the disobedience of a court order.Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. Disobedience of a court order brings the administration of justice into disrespect and tends to embarrass, impede, or obstruct a court in the performance of its functions. Id.
 {¶ 9} Under the proper circumstances, courts can find nonparties guilty of contempt. See Midland Steel Prods. Co. v. U.A.W. Local486 (1991), 61 Ohio St.3d 121 (A temporary restraining order can be binding on a nonparty aider and abettor with actual notice of the terms of an order); Civ.R. 45(E) (Failing to obey a subpoena is contempt of court). And courts routinely exercise their contempt powers against people who are technically nonparties to a lawsuit when those people are representing the interests of a party. See Scherer v. Scherer (1991),72 Ohio App.3d 211 (A domestic relations attorney was in contempt of court); State v. Christon (1990), 68 Ohio App.3d 471 (A criminal defense attorney was in contempt of court).
 {¶ 10} In Adkins v. Hansen, 5th Dist. No. 01COA01437, 2002-Ohio-2676, the Fifth District faced a somewhat similar situation to the case at hand. In Adkins, the trial court ordered that counsel, parties, and party representatives be present at a mediation conference. Allstate insured some of the defendants to the lawsuit, but did not send an insurance adjuster with the authority to settle to the mediation conference. Instead, defense counsel had the authority to settle. The trial court held the insurance adjuster in contempt for failing to come without authority to settle. On appeal, the court specifically noted that "the trial court had jurisdiction over Allstate as to the extent they represented the interests of the Defendants," but held that the adjuster was not in contempt since he was present to argue that Allstate's policy did not cover the claims at issue. Fundamentally, the court recognized that there is little difference between an attorney representing his client's interests and insurance company representing its insured's interests with regard to a court's authority to hold the fiduciary in contempt for failing to follow court orders.
 {¶ 11} In this case, Allstate was "defending [its insured's] position * * * in a permissive or nonpermissive use situation," so there was no issue regarding coverage. Since Allstate was to be present at the mediation conference to represent Ohio Security System's interests, the trial court had jurisdiction over Allstate and its employee, Singfield. Singfield's arguments to the contrary are meritless.
 Notice of Mediation {¶ 12} Singfield next argues that she could not be in contempt of the court's order that the parties submit to mediation since she was not personally served with a copy of the order requiring her attendance. Instead, the notice was served upon the attorney representing Allstate in the litigation. Singfield's arguments in this regard are meritless.
 {¶ 13} Civ.R. 5 governs service of papers subsequent to the original complaint. It provides: {1f14} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." App.R. 5(B).
 {¶ 15} This is exactly what happened in this case. The trial court sent a copy of the entry ordering mediation to all counsel of record. Furthermore, Singfield testified at the show cause hearing that she had actual notice of the time and place of the mediation hearing. She cannot argue that she did not have proper notice of the mediation conference.
 Allstate's Presence at Mediation Conference {¶ 16} Singfield next argues that the trial court's order merely required the presence of an insurance representative, not of Singfield herself. The mediator stated at the contempt hearing that an attorney representing Allstate was at the mediation conference. Accordingly, Singfield contends that the terms of the trial court's order were not, in fact, violated.
 {¶ 17} However, the facts elicited at the hearing show that the lawyer who was present on behalf of Allstate did not have the authority to participate in any settlement discussions. After acknowledging that a lawyer representing Allstate was present, the mediator told the trial court that he was only able to make minimal progress at the mediation conference "because the Allstate representative was not there to participate in any settlement or in any discussions of settlement." Thus, an attorney for Allstate may have been present, but that attorney did not have the authority to participate in any settlement discussions.
 {¶ 18} The question, then, becomes whether Allstate satisfied the trial court's order by sending an attorney who did not have the authority to participate in any settlement discussions to the mediation conference. This court recently addressed whether a person can be held in contempt of an ambiguous order in Contos v. Monroe County, 7th Dist. No. 04 MO 3, 2004-Ohio-6380.
 {¶ 19} "A party cannot be found in contempt if the contempt charge is premised on a party's failure to obey an order of the court and the order is not clear, definite, and unambiguous and is subject to dual interpretations. See Chilcote v. Gleason Const. Co. (Feb. 6, 2002), 5th Dist. No. 01COA01397; Collette v. Collette (Aug. 21, 2001), 9th Dist. No. 20423; Marysville v. Wilson (July 20, 1994), 3d Dist. No. 14-94-8;Smith v. Smith (Jan. 13, 1994), 10th Dist. No. 93AP-958; In re Contemptof Gilbert (Dec. 16, 1993), 8th Dist. Nos. 64299, 64300. An order is not ambiguous merely because a party misunderstands the order and a misunderstanding of an unambiguous order is not a defense to a contempt proceeding. Chilcote at 2; Gilbert at 7. To be ambiguous, the order must be unclear or indefinite and subject to dual interpretations. Id." Id. at ¶ 15.
 {¶ 20} In this case, the order is not subject to dual interpretations. The order stated that the parties attend a mediation conference and specifically required the attendance of the clients and insurance representatives. Clearly, the order contemplated that those people attending the mediation conference have the authority to engage in settlement negotiations.
 {¶ 21} Furthermore, the record affirmatively demonstrates that Singfield understood that the trial court intended for someone with settlement authority from Allstate to be present at the mediation conference. On multiple occasions, she told the trial court that she understood that she should have been at the mediation conference. And after the trial court ordered that she serve some time in jail, she said "she felt that she had coming what this court meted out to her."
 {¶ 22} Based on these facts, Allstate did not comply with the trial court's order by having an attorney present at the mediation conference since that attorney did not have authority to participate in settlement negotiations. Singfield's arguments in this regard are also meritless.
 Procedural Issues {¶ 23} In her second assignment of error, Singfield argues:
 {¶ 24} "The trial court erred in sentencing the Appellant to jail without first providing her with procedural due process of law as required in an indirect criminal contempt proceeding."
 {¶ 25} Singfield contends that the procedure used by the court was defective in three ways: 1) the trial court did not provide her with written notice of the charges against her, 2) she was denied her right to her own counsel since the trial court failed to notify her that she had the right to her own counsel, and; 3) there was insufficient evidence of the necessary culpable mental state to be guilty of criminal contempt. We will address each of these arguments in turn.
 Notice of Contempt Charges {¶ 26} Singfield argues that the trial court did not properly notify her of the contempt charges pending against her. However, Singfield waived any argument about her notice.
 {¶ 27} Contempt can be categorized as either direct, in the presence of the court, or indirect, outside the presence of the court. In reLands, Lots or Parts of Lots Omitted From ForeclosureProceedings-1944 (1946), 146 Ohio St. 589, 595. Failing to appear at a court ordered proceeding is an example of indirect contempt.Cleveland v. Ramsey (1988), 56 Ohio App.3d 108, 109.
 {¶ 28} When indirect contempt is alleged, the court does not have personal knowledge of the alleged contempt and generally must afford the accused certain procedural safeguards. State ex rel. Seventh Urban, Inc.v. McFaul (1983), 5 Ohio St.3d 120, 122. For instance, someone accused of contempt is entitled to written notice of the charges. R.C. 2705.03. However, when a person accused of contempt appears at the hearing and does not raise the sufficiency of her notice, then she has waived any error in that notice. In re Lands at 596; Turner v. Turner (May 18, 1999), 10th Dist. No. 98 AP-999.
 {¶ 29} In this case, Singfield never raised the issue of improper service to the trial court. Accordingly, any argument regarding that service is waived.
 Right to Counsel {¶ 30} Singfield next argues that the trial court never informed her she had the right to counsel at the contempt hearing and contends that she appeared pro se. Accordingly, she believes the trial court improperly found her guilty of contempt. However, Singfield's arguments are a blatant misrepresentation of the record.
 {¶ 31} At the hearing, Singfield was represented by Attorney Thomas Carey, counsel for Ohio Security Systems. At the hearing, Attorney Carey said that Singfield was in court with him. He argued in her defense to the trial court. And after the trial court imposed the sanctions upon Singfield, Attorney Carey asked the trial court to reconsider the sanctions. At no time did Singfield indicate that she did not feel that Attorney Carey was representing her interests, even when the trial court referred to him as "[y]our lawyer" when addressing Singfield.
 {¶ 32} Singfield's argument that she was not represented by counsel is simply false and her arguments in this regard are meritless.
 Mental State {¶ 33} In her final argument within this assignment of error, Singfield contends that she did not have the mental state necessary to be punished for criminal contempt. This argument is contradicted by the statements Singfield herself made to the trial court.
 {¶ 34} As described above, contempt can be classified as either direct or indirect, but it can also be classified as civil or criminal. "Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules." Ryder v. Ryder, 5th Dist. No. 2001CA00190, 2002-Ohio-0765, at ¶ 45. Civil contempts are violations against the party for whose benefit the order was made, whereas criminal contempts are offenses against the dignity or process of the court.State ex rel. Corn v. Russo, 90 Ohio St.3d 551, 554, 2001-Ohio-0015. Often, civil contempt is characterized by conditional sanctions, i.e., the contemnor is imprisoned until he obeys the court order.Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 16. In contrast, the sanctions for criminal contempt are punitive in nature, designed to vindicate the authority of the court. Id.
 {¶ 35} This is clearly a case of criminal contempt. The sanctions the trial court imposed were not conditional and the trial court imposed them because it felt that Singfield's actions were "that type of deliberate thumbing of the nose of a court order" and it wanted to send a message.
 {¶ 36} The intent to defy a trial court's order is an essential element in a case of criminal contempt. In re Carroll (1985),28 Ohio App.3d 6, 10. In this case, there is ample evidence that Allstate, through Singfield, intended to disregard the trial court's order that an insurance representative be present at the mediation conference. Singfield testified that she was the adjuster responsible for the claim. She knew that the trial court wanted those people with the authority to settle to be present at the mediation conference. Id. She chose not to attend and did not send anyone in her place. Id. As she said, "I was wrong not to be here."
 {¶ 37} This court cannot reverse a trial court's decision in a contempt proceeding unless that court abused its discretion. State exrel. Ventrone v. Birkel (1981), 54 Ohio St.2d 461. An "abuse of discretion" connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 38} Fundamentally, Singfield made the informed choice that it was more important for her to be somewhere else (working for Allstate in the wake of Hurricane Katrina), rather than be at the mediation conference. She clearly intended to disregard the trial court's order. Her arguments to the contrary are meritless.
 Sanctions {¶ 39} In her final assignment of error, Singfield argues:
 {¶ 40} "The trial court erred in imposing a fine of $500 when the maximum fine for a first offense is $250 under O.R.C. 2705.05."
 {¶ 41} Singfield contends that a trial court's ability to punish for contempt is limited by statute, but this argument ignores Ohio caselaw on the subject.
 {¶ 42} "The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions." Denovchek v. Board ofTrumbull County Com'rs (1988), 36 Ohio St.3d 14, 15. Because the contempt power is inherent, it "exist[s] independently from express constitutional provision or legislative enactment." Cincinnati v.Cincinnati Dist. Council 51, Am. Federation of State, County andMunicipal Emp., AFL-CIO (1973), 35 Ohio St.2d 197, 202. Thus, a legislature may control the process a court must use when exercising its contempt powers, but the court's inherent contempt power is not itself subject to legislative control. Citicasters Co. v. Stop 26-Riverbend,Inc. (2002), 147 Ohio App.3d 531, 546-547; First Bank of Marietta v.Mascrete, Inc. (1988), 125 Ohio App.3d 257, 265. "Implicit in the exercise of [contempt] power is the authority to fashion a punishment that will induce the contemnor to remedy the contempt involved."Moraine v. Steger Motors, Inc. (1996), 111 Ohio App.3d 265, 269. It is highly doubtful that the legislature may properly limit the power of court to punish for contempt. Cincinnati Dist. Council 51 at 207.
 {¶ 43} Courts in the past have consistently rejected arguments like the one Singfield is making. See Byron v. Byron, 10th Dist. No. 03AP-819, 2004-Ohio-2143, at ¶ 10-18; In re Wingrove, 4th Dist. No. 02CA4, 2003-Ohio-549, at ¶ 36-38; State v. King, 8th Dist. No. 80958, 2002-Ohio-7228; Tomstrom v. DeMarco, 8th Dist. No. 79521, 2002-Ohio-1102; Olmsted Tp. v. Riolo (1988), 49 Ohio App.3d 114,116-117; In re Contemnor Caron (2000), 110 Ohio Misc.2d 58, 103. We agree.
 {¶ 44} If the legislature were able to limit the sanctions a court could impose for contempt, then the legislature would effectively control the court's contempt powers and potentially prevent the court from being able to fashion a punishment that will induce the contemnor to remedy the contempt involved. The trial court's authority to sanction Singfield for contempt is not limited by R.C. 2705.05. Singfield's arguments to the contrary are meritless.
 Conclusion {¶ 45} In this case, the trial court held Singfield in contempt for working for Allstate in the wake of Hurricane Katrina, rather than appearing as ordered at a mediation conference. Hurricane Katrina was a disaster of the first magnitude and we can understand why people rushed to the Gulf Coast in its aftermath, either to provide humanitarian assistance or, in the case of Singfield, to help Allstate begin to catalogue the claims of the hurricane's victims. However, this disaster did not negate Singfield's duty to follow the trial court's order that she appear at the mediation conference. Either Singfield or another Allstate representative could have asked to reschedule the conference, but they did not do so. Instead, Singfield chose to ignore the court order, to the detriment of all the other parties who appeared, to no avail, at the mediation conference.
 {¶ 46} We wholly understand the trial court's frustration with Singfield. Given the nature of the disaster, the trial court likely would have granted such a continuance. Singfield's failure to request that the conference be rescheduled forced all the other parties to waste their time and money by attending a pointless mediation conference. Singfield's actions demonstrated a blatant disregard of a court order and the trial court was well within its rights to punish her for that disobedience.
 {¶ 47} Contrary to the arguments Singfield raises, the trial court properly found her in contempt of court and the judgment of the trial court in that regard is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.