OPINION
{¶ 1} Respondent-appellant, Peter Wittstein, appeals the decision of the Madison County Court of Common Pleas, Domestic Relations Division, interpreting the terms of a separation agreement. We affirm the trial court's decision.
 {¶ 2} The parties were married on June 27, 1976, and they entered into a separation agreement on January 25, 1999. Subsequently, their marriage was terminated by a Decree of Dissolution on March 5, 1999, which incorporated the parties' separation agreement. The parties amended the decree by agreed order on January 15, 2004 with respect to appellant's spousal support obligation.
 {¶ 3} On February 16, 2005, appellee, Judy Wittstein, filed a motion for contempt, alleging that appellant had failed to pay spousal support, including a cost of living adjustment, as required by the terms of the separation agreement and ordered by the court. Appellant filed a Civ.R. 60(B) motion to modify or terminate spousal support, but then withdrew the motion.
 {¶ 4} After a hearing on May 19, 2005, a magistrate declined to find appellant in contempt, and found that the parties stipulated that appellant had not made spousal support payments as ordered. In determining appellant's spousal support arrearage, the magistrate interpreted the cost of living adjustment clause contained in the separation agreement should be interpreted to mean "that the COLA [cost of living adjustment] should be adjusted every two years[,] i.e. whatever the COLA was on the applicable date is the beginning factor, [and] whatever the COLA is 2 years later should be the other factor in determining the increase or decrease."
 {¶ 5} In addition, the magistrate found that the parties stipulated that two payments in the amounts of $3,770 and $6,782 had been made toward the spousal support arrearage, and directed that an arrangement for additional payment of $1,000 be made within 15 days after the date of the decision. Finally, the magistrate ordered counsel to provide the court with a spousal support arrearage amount using the above formula, and ordered that the arrearage be paid in 24 consecutive equal installments. Appellant filed objections to the magistrate's decision that were overruled by the trial court.
 {¶ 6} Appellant now appeals the trial court's decision, raising one assignment of error. Appellant argues the trial court erred by affirming the magistrate's decision calculating the cost of living adjustment of spousal support each year and adjusting it every two years. He contends that the terms of the separation agreement are ambiguous, and should therefore be construed in his favor to require a cost of living adjustment every two years based only upon one prior year. We disagree.
 {¶ 7} Appellate review of trial court determinations in domestic relations cases generally requires application of the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. This standard is employed in reviewing orders relating to spousal support. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "Since it is axiomatic that a trial court must have discretion to do what is equitable based upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Citation omitted.) Booth at 144. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore at 219.
 {¶ 8} A separation agreement is a contract, and is subject to the same rules of construction as other contracts. Forstner v. Forstner (1990),68 Ohio App.3d 367, 372. Where the language of a separation agreement is ambiguous, a trial court may "hear the matter, clarify the confusion, and resolve the dispute." Uram v. Uram (1989), 65 Ohio App.3d 96, 98. Contract terms are ambiguous where the language is susceptible to two or more reasonable interpretations. U.S. Fidelity Guaranty Co. v. St.Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45. However, where the terms of a separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's expressed terms. Leonard v. Leonard (Aug. 17, 1992), Butler App. No. CA91-08-143, 7-8, citing Inland Refuse Transfer Co. v.Browning-Ferris Indus. of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322.
 {¶ 9} The parties disagree over the interpretation of the clause in the separation agreement that provides for a cost of living adjustment. Article X of the separation agreement, entitled Spousal Support, reads as follows: "Every two years there shall be a cost of living adjustment to the spousal support order determined by using the (revised) Consumer Price Index." According to the record, this clause was included in the original separation agreement that was adopted by the court into the divorce decree. When the parties modified the decree in January 2004, this clause was not changed.
 {¶ 10} In its decision, the trial court agreed with the magistrate "that the language used under Article X Spousal Support [regarding the] adjustment every 2 years should be literally interpreted to mean that the COLA should be adjusted every two years, i.e. whatever the COLA was on the applicable date is the beginning factor, [and] whatever the COLA is 2 years later should be the other factor in determining the increase or decrease." In other words, the cost of living adjustment should be made every two years based upon the previous two years.
 {¶ 11} We agree with the magistrate's interpretation of the cost of living adjustment clause in the parties' separation agreement, and find no abuse of discretion in the decisions of the magistrate or the trial court. The terms of the settlement agreement are not ambiguous. Appellant's contention that they require a cost of living adjustment every two years based upon one prior year only is not a reasonable interpretation of the language of the agreement. The assignment of error is overruled.
 {¶ 12} Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.