[Cite as *Barrett v. Barrett*, 2017-Ohio-7562.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN BARRETT | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 16 MA 0025 |
| VS. | ) | |
| | ) | OPINION |
| DONA BARRETT | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS: Appeal from the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio Case No. 14 DR 17

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellant

Attorney David Engler
181 Elm Road, N.E.
Warren, Ohio 44483

For Defendant-Appellee

Attorney Melissa Rocci
1570 South Canfield-Niles Road, B-103
Austintown, Ohio 44515

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 7, 2017

DeGENARO, J.

{¶1}   Plaintiff-Appellant, John Barrett, appeals the trial court's judgment finding him in contempt and denying his Civ. R. 60(B) motion. For the following reasons, John's assignments of error are meritless, and the judgment of the trial court is affirmed.

{¶2}   On September 4, 2014, John and Dona Barrett divorced. John, a podiatrist with Ankle & Foot Care Centers, and Dona, a homemaker, were married nearly 25 years when they submitted their agreed judgment entry. The parties have filed multiple post-decree motions. At issue in this appeal is Dona's motion for contempt alleging that she was to receive one-half of the gross proceeds of John's total buyout of his business interests in Ankle & Foot Care Center. John received his first installment for $81,538.91 and paid Dona $40,769.46. However, when John received his second installment of $13,223.00, he failed to pay Dona any money.

{¶3}   The Magistrate found John in contempt for failing to pay Dona her share of the second installment; John filed objections which the trial court overruled and adopted the Magistrate's Decision.

**Contempt**

{¶4}   As John's first and second assignments of error are interrelated, they will be discussed together for clarity of analysis and assert respectively:

The Mahoning County trial court erred in finding him in contempt for allegedly failing to honor provisions of the divorce decree relating to money paid to him to buy out his share of Ankle & Foot Care Center.

The Mahoning County trial court erred in determining the amount he owed to Dona Barrett relating to money paid to him to buy out his share of Ankle & Foot Care Center.

{¶5}   "On review of a trial court's determination in domestic relations cases, appellate courts generally apply the abuse of discretion standard." *Gratzmiller v. Gratzmiller*, 7th Dist. No. 06-JE-42, 2007-Ohio-4987, ¶11. However, a "[s]eparation agreement is a contract and is subject to the same rules of construction as other

contracts." *Polish v. Polish*, 7th Dist. No. 99-CA-101, 2001-Ohio-3235, *2. "[B]ecause judicial interpretation of contract language is a question of law, appellate courts apply a de novo standard when conducting their review." *Plymale v. Wolford*, 4th Dist. No. 05 CA 5, 2005-Ohio-5224, ¶7. "[W]hen the terms of a separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's expressed terms." *Gratzmiller,* ¶12, citing *Wittstein v. Wittstein,* 12th Dist. No. CA2006-03-013, 2006-Ohio-6707, at ¶ 8.

{¶6}  Contempt is the disobedience of a lawful court order. *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), syllabus. "In civil contempt, the purpose of the punishment is to coerce the contemnor to obey a judicial order for the benefit of a third party." *Jeffers v. Jeffers*, 7th Dist. No. 07 BE 36, 2008-Ohio-3339, ¶ 7.

{¶7}  "In a civil contempt proceeding, the movant bears the initial burden of proving by clear and convincing evidence that the other party violated a court order." *McCree v. McCree*, 7th Dist. No. 08 MA 109, 2009-Ohio-2639, ¶ 15. "A party cannot be found in contempt if the contempt charge is premised on a party's failure to obey an order of the court and the order is not clear, definite, and unambiguous and is subject to dual interpretations." *Scarnecchia v. Rebhan*, 7th Dist. No. 05 MA 213, 2006-Ohio-7053, ¶ 19. An order is not ambiguous because a party misunderstands the order; it must be unclear or indefinite and subject to dual interpretations. *Id.*

{¶8}  John asserts that the language of the divorce decree was ambiguous and unclear. Dona counters that the parties agreed to the language in the separation agreement in anticipation of John receiving varied amounts of installment payments. The separation agreement provides:

> Husband has received of or will receive a buyout of his business interests in Ankle & Foot Care Centers; Stark Real Estate LLC; and The Surgery Center at Southwoods. Husband shall cause to be forwarded to wife ½ of the gross proceeds of said buyouts as they are distributed however if husband should owe any money in said buyouts he shall pay

the same and hold wife harmless therefrom except as specifically mentioned herein.

At the time of this agreement the amounts paid on the aforementioned buyouts are yet to be determined save the Ankle & Foot Care Centers which is approximately $244,677.00 or a greater number. There is due and owing said company for draws thereon the approximate amount of $35,000.00 $25,000.00 of which shall come from Husband's share and said buyout and $10,000.00 of which shall come from wife's portion of said buyout. Regardless of the amount owing to said company wife's portion shall be no more than $10,000.00.

{¶9} The separation agreement stated that John would pay Dona one-half of the gross proceeds of said buyouts as they are distributed. John received his first installment of the buyout for $81,538.91, and he paid Dona one-half of this amount. For the second installment, due to draws from partnership profits totaling $68,305.00, John only received $13,223.00. John admitted that he did not pay any money to Dona. There is no ambiguity. John understood the terms of the agreement as he made the first payment. Accordingly, the trial court did not err in finding John in contempt for failing to honor the terms of the separation agreement because he did not pay Dona her share of the proceeds from the second payment. As such, John's first two assignments of error are meritless.

**Civ. R. 60(B)**

{¶10} In his final assignment of error, John asserts:

The Mahoning County trial court erred in overruling his Motion for Relief from judgment.

{¶11} Pursuant to Civ. R. 60(B), the Court has the authority to vacate a final judgment. "To prevail on a motion for relief from judgment under Civ. R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in

Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ. R. 60(B)(1),(2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), syllabus.

**{¶12}** "A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." *Tabor v. Tabor*, 7th Dist. No. 02-CA-73, 2003-Ohio-1432, ¶ 33. "The movant bears the burden of demonstrating a meritorious defense." *Id.* In order to satisfy that burden, the movant must merely allege operative facts which would support a meritorious defense, not prove that he or she will prevail on that defense. *Id.*

**{¶13}** John maintains that the divorce decree was inelegantly drafted and does not reflect the intention of the parties and is ambiguous. As discussed above, this is not the case. As such, John does not allege a meritorious defense and none can be found in the record.

**{¶14}** Turning to the second *GTE* prong, John is relying on Civ.R. 60(B)(1), mistake, inadvertence, surprise or excusable neglect; Civ.R. 60(B)(2) newly discoverable evidence by which due diligence could not have been discovered in time to move for a new trial; and Civ. R. 60(B)(5), any other reason justifying relief from judgment.

**{¶15}** In order to obtain relief on basis of mistake, the court must find "a mutual mistake shared by both parties as to a material fact in the case." *Smith v. Smith*, 8th Dist. No. 83275, 2004-Ohio-5589, ¶ 17. The Ohio Supreme Court recognized that mutual mistake may be grounds for rescission of a contract if it involves a material part of the contract and the complaining party is not negligent in failing to discover the mistake. *Reilley v. Richards*, 69 Ohio St.3d 352, 352-53, 632 N.E.2d 507 (1994). John does not identify a mutual mistake and none can be determined from the record.

**{¶16}** To qualify as newly discovered as contemplated under Civ.R. 60(B)(2), the evidence must not have been discoverable by due diligence within the time limits

set forth for a motion for a new trial. See *Cuyahoga Support Enforcement Agency v. Guthrie*, 84 Ohio St.3d 437, 442, 705 N.E.2d 318 (1999); *Smith v. Smith*, 8th Dist. No. 83275, 2004-Ohio-5589, ¶ 16. The amount John actually owed is not newly discovered evidence. The parties were aware he would be receiving future payments and the amounts would vary, and they provided for it in the separation agreement.

**{¶17}** To qualify for relief under Civ.R. 60(B)(5), which provides "any other reason justifying relief," the Ohio Supreme Court has stressed that Civ.R. 60(B)(5) is "a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), syllabus. John doesn't specifically identify a reason justifying relief under Civ. R. 60(B)(5). It is not this Court's duty to search the record for evidence to support an argument for an alleged error; it is inappropriate for us to formulate legal arguments in support of a party's appeal. See *State v. Tuck*, 146 Ohio App.3d 505, 2001-Ohio-7017, 766 N.E.2d 1065, ¶ 19 (9th Dist.).

**{¶18}** Finally, Civ.R. 60(B)(1) and (2) require that the motion be filed within one year of the judgment. The motion was filed more than one year after the divorce decree and is thus untimely. For the foregoing reasons, the trial court did not abuse its discretion in denying John's Civ. R. 60(B) motion.

**{¶19}** In sum, as all three of John's assignments of error are meritless, the judgment of the trial court is affirmed.


Waite, J., concurs.

Robb, P. J., concurs.