[Cite as *In re B.M.*, 2020-Ohio-1150.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

## IN THE MATTER OF:

## B.M., A MINOR.

---

### OPINION AND JUDGMENT ENTRY
### Case No.19 JE 0006.

---

Civil Appeal from the
Court of Common Pleas, Probate Division, of Jefferson County, Ohio
Case No. 2013 GD 26

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Reversed.

---

*Atty. Elizabeth Cary,* Dinsmore & Shohl LLP, 191 West Nationwide Boulevard, Suite 300, Columbus, Ohio 43215, and *Atty. Kara Czanik,* 255 East Fifth Street, Suite 1900, Cincinnati, Ohio 45202, for Appellant and

*Atty. Daniel P. Taylor,* Dittmar, Taylor & Makricostas, PLLC, P.O. Box 2827, Weirton, West Virginia 26062, for Appellee B.M., No Brief Filed.

Dated:  March 25, 2020

---

**D'APOLITO, J.**

**{¶1}**   Appellant, Huntington National Bank ("Huntington Bank"), appeals from the February 8, 2019 judgment of the Jefferson County Court of Common Pleas, Probate Division, granting the motion of Appellee, B.M., A Minor ("B.M."), finding it was the duty of Huntington Bank to flag and restrict the guardianship account and ordering it to return all funds withdrawn by the guardian, Amber Mayfield ("Guardian").  On appeal, Huntington Bank asserts the probate court erred in granting B.M.'s motion and holding that it had a duty to flag and restrict the guardianship account from withdrawals.  Huntington Bank also alleges the court erred in ordering that it reimburse the entirety of the funds withdrawn by Guardian.  For the reasons stated, the probate court's judgment is reversed.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**   Guardian is the natural mother of B.M., d.o.b. 3/17/02.  On February 18, 2013, B.M. sustained injuries in an automobile accident.  On July 16, 2013, Guardian filed an application pursuant to R.C. 2111.03(C) to be appointed guardian of B.M.'s estate.[1]  On July 23, 2013, the probate court granted the application and appointed Guardian as guardian of B.M. following a hearing.  A settlement was subsequently entered into on behalf of B.M. in the amount of $62,500.

**{¶3}**   On September 18, 2013, the probate court entered an "Entry Approving Settlement of a Minor's Claim," Form MS22.2, ordering that the net settlement proceeds in the sum of $39,210.98 "for the benefit of the minor be [d]elivered to the legal guardian of the estate of this minor."   (9/18/13 Settlement Entry).  The court did not place restrictions on the funds or require a verification of receipt and deposit to be filed with the court.  The probate judge's signature appears at the bottom of the document.

**{¶4}**   Also on September 18, 2013, B.M.'s counsel filed Form MS22.4, a "Report of Distribution and Entry Minor's Claim" with an "Entry" at the bottom signed by the

---

[1] Under R.C. 2111.06, a guardian is necessary because the estate is over $10,000.

Case No. 19 JE 0006

probate judge who ordered that "[t]he above report of distribution is hereby approved and the applicant is discharged from further responsibility." (9/18/13 Distribution Entry).

{¶5} On September 19, 2013, Guardian took the Settlement Entry, the Distribution Entry, and the net settlement proceeds to a Huntington Bank branch. A guardianship account was opened in the name of "Amber L. Mayfield Guardian for B.M." Following the orders of the probate court, i.e., the Settlement Entry and the Distribution Entry, Huntington Bank did not restrict the funds and it kept copies of the orders in its account records.

{¶6} Later that day, B.M.'s counsel, on his own accord, sent Huntington Bank a "Receipt of Depositary," Form GD15.3C. (9/19/13 Receipt). At the bottom of the form, it stated: "The undersigned acknowledges the deposit of the property and agrees to hold it subject to further order of the Court." *Id.* The Receipt was not signed by the probate judge. Rather, a Huntington Bank representative signed the form as a matter of course.

{¶7} Guardian later withdrew all funds from the account.

{¶8} On January 14, 2019, B.M. filed a motion for Huntington Bank to deposit all funds withdrawn by Guardian from the guardianship account alleging it was in violation of the probate court's order. On January 28, 2019, Huntington Bank filed an opposition indicating there was no such court order that prohibited Guardian from withdrawing the funds. A hearing was held on February 5, 2019.

{¶9} On February 8, 2019, the probate court granted B.M.'s motion finding it was Huntington Bank's duty to flag and restrict the guardianship account. The court ordered Huntington Bank to return all funds withdrawn by Guardian. Huntington Bank filed a timely appeal and raises two assignments of error.[2]

## ASSIGNMENT OF ERROR NO. 1

**THE PROBATE COURT ERRED AS A MATTER OF LAW IN GRANTING B.M.'S MOTION, HOLDING "IT WAS THE DUTY OF HUNTINGTON BANK TO FLAG THE ACCOUNT AND RESTRICT THE ACCOUNT TO NOT PERMIT THE WITHDRAWAL OF ANY FUNDS FROM THE**

---

[2] B.M. did not file an appellate brief.

**GUARDIANSHIP ACCOUNT WITHOUT FURTHER ORDER OF THIS COURT."**

{¶10} Matters of law are reviewed de novo. *W. Branch Loc. School Dist. Bd. of Edn. v. W. Branch Edn. Assn.*, 7th Dist. Mahoning No. 14 MA 53, 2015-Ohio-2753, ¶ 14.

## ISSUE NO. 1

**A COURT ORDER THAT DIRECTS FUNDS TO BE DEPOSITED INTO A BANK ACCOUNT WITH NO RESTRICTIONS DOES NOT REQUIRE A BANK TO PLACE RESTRICTIONS ON THE ACCOUNT.**

{¶11} "A court speaks only through its journal, not by oral pronouncement." *All Erection & Crane Rental Corp. v. Bucheit*, 7th Dist. Mahoning No. 05 MA 16, 2006-Ohio-889, ¶ 42.

{¶12} As stated, on September 18, 2013, the probate court issued two orders, the Settlement Entry and the Distribution Entry. Both orders permitted Guardian unrestricted access to the guardianship funds, which she deposited and later withdrew from Huntington Bank.

{¶13} Regarding the Settlement Entry, the probate court entered an "Entry Approving Settlement of a Minor's Claim," ordering that the net settlement proceeds in the sum of $39,210.98 "for the benefit of the minor be [d]elivered to the legal guardian of the estate of this minor." (9/18/13 Settlement Entry). The probate court did not place restrictions on the funds or require a verification of receipt and deposit to be filed with the court. The Settlement Entry was prepared on a standard court form, Form MS22.2, which provided three options for how the funds should be dispersed. It appears that the drafting attorney selected the first option, i.e., that the funds be restricted. We stress, however, that the probate court disagreed and placed white-out over the restricted option. Instead, the court placed an "x" next to the second option, i.e., that the funds be *unrestricted* and delivered to the legal guardian. The probate judge's signature appears at the bottom of the Settlement Entry.

{¶14} Regarding the Distribution Entry, B.M.'s counsel filed a "Report of Distribution and Entry Minor's Claim" with an "Entry" at the bottom ordering that "[t]he

above report of distribution is hereby approved and the applicant is discharged from further responsibility." (9/18/13 Distribution Entry). The Distribution Entry was prepared on a standard court form, Form MS22.4, which also provided three options for how the funds should be dispersed. It again appears that the drafting attorney selected the first option, i.e., that the funds be restricted. We stress again, however, that the probate court disagreed and placed white-out over the restricted option. Instead, the court placed an "x" next to the second option, i.e., that the funds be *unrestricted* and delivered to the legal guardian. The probate judge's signature appears at the bottom of the Distribution Entry.

{¶15} Guardian took the Settlement Entry, the Distribution Entry, and the net settlement proceeds to Huntington Bank. Huntington Bank complied with the probate court's orders and opened an unrestricted guardianship account. Although it may be unfortunate for B.M. that Guardian later withdrew all funds from the account, there was no determination made as to which if any of the funds were used for the benefit of B.M. The record establishes that Huntington Bank merely followed the court's orders. As such, Huntington Bank was under no duty to flag the account, restrict the account, or prohibit withdrawals absent a further court order, which was not made in this case.

{¶16} Huntington Bank's first issue is with merit.

## ISSUE NO. 2

### A BANK MAY RELY ON A COURT'S DULY ISSUED ORDERS, EVEN WHEN THOSE ORDERS ARE NOT DIRECTED TO THE BANK.

{¶17} Third parties can be bound by court orders directed to others. *See Scarnecchia v. Rebhan*, 7th Dist. Mahoning No. 05 MA 213, 2006-Ohio-7053, ¶ 9 ("Under the proper circumstances, courts can find nonparties guilty of contempt.") Any "restraint upon the guardian's use or misuse of guardianship funds comes from the probate court itself." *Rinehart v. Bank One, Columbus, N.A.,* 125 Ohio App.3d 719, 729, 709 N.E.2d 559 (10th Dist.1998). Any oral pronouncements made by a court are not binding until reduced to a writing. *Stern v. Stern*, 7th Dist. Jefferson No. 00 JE 17, 2002 WL 206413, *2 (Feb. 7, 2002).

{¶18} Contrary to any preference by B.M.'s counsel and/or any oral pronouncement by the probate court, both written orders, the Settlement Entry and the Distribution Entry, permitted Guardian unrestricted access to the guardianship funds. *See Stern, supra,* at *2. Even if the orders were not directed to Huntington Bank, it nevertheless was bound to follow them as written. *See Rebhan, supra,* at ¶ 9. Huntington Bank complied with the orders and opened an unrestricted guardianship account. Huntington Bank was under no duty to control disbursements from that account. *See Rinehart, supra,* at 730.

{¶19} Huntington Bank's second issue is with merit.

## ISSUE NO. 3

**A SIGNED RECEIPT, WHICH CONFLICTS WITH THE COURT'S ORDER, CANNOT SUPERSEDE THE COURT'S ORDER.**

{¶20} "If a court with jurisdiction over the parties and the subject matter issues an order, even an irregular one, it must be obeyed until it is reversed by orderly and proper proceedings." *Newbold v. Newbold*, 7th Dist. Jefferson No. 81-J-29, 1982 WL 6126, *3 (Apr. 27, 1982).

{¶21} Neither the Settlement Entry nor the Distribution Entry required a receipt of deposit. Also, neither order placed restrictions on the settlement funds. Further, both orders were signed by the probate judge. The record reveals that Guardian took those orders to Huntington Bank to open a guardianship account. In compliance with the court's orders, Huntington Bank opened a guardianship account and did not restrict the funds.

{¶22} It appears the probate court determined that it was Huntington Bank's duty to flag and restrict the account based solely upon the language contained in the Receipt. Again, at the bottom of that form, it stated: "The undersigned acknowledges the deposit of the property and agrees to hold it subject to further order of the Court." (9/19/13 Receipt). A Huntington Bank representative signed the form as a matter of course.

{¶23} The Receipt, however, was sent by B.M.'s counsel, on his own accord, to Huntington Bank after Guardian took the court's orders to the bank and opened the unrestricted guardianship account. Unlike the Settlement Entry and the Distribution Entry,

the Receipt does not contain any directive from the probate court and was not signed by the probate judge.

**{¶24}** The record provides no indication that B.M. sought a revised court order or appealed the court's orders that the funds be unrestricted. Despite the later Receipt language, Huntington Bank merely followed the court's orders and held the guardianship account unrestricted. *See Newbold, supra,* at *3. Thus, we stress that the after-the-fact Receipt provided by B.M.'s counsel does not trump the two duly issued court orders which directed that the funds in this case be unrestricted.

**{¶25}** Huntington Bank's third issue is with merit.

**{¶26}** Huntington Bank's first assignment of error is with merit.

## ASSIGNMENT OF ERROR NO. 2

**THE PROBATE COURT ERRED AS A MATTER OF LAW IN ORDERING HUNTINGTON TO REIMBURSE THE ENTIRETY OF THE FUNDS WITHDRAWN FROM B.M.'S ACCOUNT BY HER GUARDIAN WITHOUT A SEQUESTRATION ORDER AND FIRST DETERMINING THAT NONE OF THE FUNDS WERE USED TO B.M.'S BENEFIT.**

## ISSUE NO. 1

**ABSENT A PRIOR SEQUESTRATION ORDER, A PROBATE COURT MAY NOT ORDER A BANK TO REPLACE FUNDS WHICH WERE RELEASED TO A FIDUCIARY WITHOUT A COURT ORDER.**

## ISSUE NO. 2

**THE PROBATE COURT WAS REQUIRED TO DETERMINE THAT NONE OF THE FUNDS HAD BEEN USED FOR THE MINOR'S BENEFIT.**

**{¶27}** Because Huntington Bank's two issues are interrelated, we will address them together for ease of discussion.

**{¶28}** Under R.C. 2109.13, before a probate court can order a bank to replace funds which were released without a court order, the record must show that the bank

received a copy of the sequestration decree and that it acknowledged such order. *In re Guardianship of Thomas*, 7th Dist. Monroe Nos. 06MO7 and 06MO8, 2008-Ohio-2409, ¶ 122, citing *In re Guardianship of Jenkins*, 11th Dist. Portage No. 92-P-0081, 1993 WL 419132 (June 4, 1993).

{¶29} In this case, Huntington Bank received two court orders, the Settlement Entry and the Distribution Entry, indicating that the funds be held unrestricted. Guardian gave the orders to Huntington Bank and the bank created a guardianship account, not a sequestered account. *See In re Thomas, supra,* at ¶ 124-125, citing *Rinehart, supra* (unlike a sequestered account, an uncontrolled guardianship account places no supervisory duty upon a bank). Following Guardian's withdrawal, there was no determination made as to which if any of the funds were used for the benefit of B.M. Huntington Bank received no sequestration decree because none existed. Thus, the probate court erred in ordering Huntington Bank to reimburse the entirety of the funds under R.C. 2109.13.

{¶30} Huntington Bank's first and second issues are with merit.

{¶31} Huntington Bank's second assignment of error is with merit.

### CONCLUSION

{¶32} For the foregoing reasons, Huntington Bank's assignments of error are well-taken. The judgment of the Jefferson County Court of Common Pleas, Probate Division, is reversed and judgment is entered in favor of Huntington Bank.

Donofrio, J., concurs.

Waite, P.J., concurs.

Case No. 19 JE 0006

---

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Probate Division, of Jefferson County, Ohio, is reversed. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**